UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80604-CIV-MARRA

TYCO SAFETY PRODUCTS CANADA,
LTD, a Canadian corporation,

Plaintiff,

vs.

ABRACON CORPORATION, a California
corporation and N.R.C. ELECTRONICS, INC.
a Florida corporation,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant N.R.C. Electronics, Inc.'s Motion to

Dismiss Complaint or, in the alternative, Motion for More Definite Statement (DE 4), filed July

28, 2008.  Plaintiff Tyco Safety Products Canada, Ltd. filed a response (DE 5) on August 14,

2008. No reply memorandum was filed.  The Court has carefully considered the motion and is

otherwise fully advised in the premises.

I.  Background

On June 6, 2008, Plaintiff Tyco Safety Products Canada, LTD ("Plaintiff") filed a five-

count Complaint, alleging negligent misrepresentation (count one), products liability (count two),

breach of contract (count three), breach of implied warranty of merchantability (count four) and

breach of implied warranty of fitness for a particular purpose and use (count five) against

Defendant N.R.C. Electronics, Inc. ("Defendant").[1]  The facts, as alleged in the Complaint, are as

_____

[1] Plaintiff also brought these claims against Abracon Corporation ("Abracon"), however,
on August 29, 2008, Plaintiff filed a Notice of Settlement with respect to Abracon.

follows: Plaintiff is a distributor of smoke detectors and has purchased component parts for its smoke detectors from Defendant, a distributor of parts for smoke detectors.  Defendant purchases component parts, such as resonators, from Abracon, a manufacturer.  (Compl. ¶¶ 9, 12.)   On or about September 29, 2006, Plaintiff issued a purchase order to Defendant for Abracon resonators. (Compl. ¶ 10.)  Plaintiff "expressly instructed" Defendant to provide "compliant" resonators but Defendant "negligent[ly]" failed to do so. (Compl. ¶ 24.)  "Compliant" means that the resonators could withstand temperatures up to 260 degrees Celsius for ten seconds during the manufacturing processes. (Compl. ¶ 20.)

Plaintiff incorporated these resonators into its smoke detectors during the time period of October 3, 2006 through December 15, 2006.  (Compl. ¶ 12.)  Subsequently, Plaintiff determined that these resonators were not compliant, thus creating the potential for smoke detectors to sound a false alarm and/or fail to detect reliably smoke or heat. (Compl. ¶¶ 14, 21.)  As a result, Plaintiff halted product shipment and recall efforts were undertaken, resulting in damages of at least $1,417,301.00. (Compl. ¶¶ 15-16.)

Defendant moves to dismiss each of the causes of action alleged.  With respect to the claim for negligent misrepresentation, Defendant argues that the Complaint fails to allege that Defendant made a misrepresentation of material fact and that, in any event, the economic loss rule bars this claim.  (Mot. at 2-5.)  Similarly, Defendant contends that the products liability claim is barred by the economic loss rule. (Mot. at 5.)  Defendant also contends that the breach of contract claim does not comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (Mot. at 6.)  Finally, Defendant asserts that Plaintiff has failed to allege properly causes of action for breach of implied warranty of merchantability and implied warranty for

2

fitness for a particular purpose and use. (Mot. at 7-9.)  In response, Plaintiff states that

Defendant's shipment of non-compliant resonators constitutes negligent misrepresentation

because Plaintiff's purchase order "expressly instructed" Defendant to provide compliant

resonators. (Resp. at 4.)  In addition, Plaintiff asserts that the economic loss rule does not bar its

negligent misrepresentation claim or its product liability claim. (Resp. at 5-6.)   Plaintiff also

asserts that the Complaint adequately pleads a breach of contract claim.  (Resp. at 8-9.)  Lastly,

Plaintiff states that it relied on the knowledge and skill of Defendant to provide compliant

resonators, thus claims for breach of implied warranty of merchantability and implied warranty of

fitness for a particular purpose and use are properly pled. (Resp. at 9-11.)

    II.  Legal Standard

    Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Factual allegations must be enough to raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

A. Negligent Misrepresentation

In order to state a claim for negligent misrepresentation, a plaintiff must allege (1) there is a misrepresentation of material fact; (2) the party making the misrepresentation either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representation was made with the intent to induce another to act on the misrepresentation and (4) the plaintiff suffered a resulting injury while acting in justifiable reliance upon the misrepresentation.  Florida Women's Medical Clinic, Inc. v. Sultan, 656 So.2d 931, 933 (Fla. Dist. Ct. App. 1995) citing Baggett v. Electricians Local 915, 620 So.2d 784, 786 (Fla. Dist. Ct. App. 1993); Atlantic Nat'l Bank of Fla. v. Vest, 480 So.2d 1328, 1331-32 (Fla. Dist. Ct. App. 1985).

Here, Plaintiff contends that it has properly pled a claim for negligent misrepresentation and points to paragraph 24 of the Complaint which alleges that, despite Plaintiff's express instructions to Defendant to provide compliant resonators, Defendant failed to do so. (Compl. ¶ 24.)  According to Plaintiff, by shipping non-compliant resonators, Defendant misrepresented that it had fulfilled its obligations under the purchase order.  Significantly, Plaintiff points to no written or spoken statement by Defendant, thus there is no allegation of a misrepresentation of a material fact.  Nor can the Court accept Plaintiff's position, not buttressed by legal citation, that shipping goods pursuant to a purchase order can constitute a misrepresentation made with the intent to induce another.[2]  Thus, the claim for negligent misrepresentation must be dismissed.

---

[2] Needless to say, the failure to allege a misrepresentation also means that the Complaint fails to allege that Plaintiff acted in justifiable reliance upon any misrepresentation.

The Court finds that granting leave to amend would be futile given that the economic loss rule bars this claim. The Florida Supreme Court has held that the "economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). The rule prohibits tort actions to recover "solely economic damages for those in contractual privity" to prevent the parties from "circumventing the allocation of losses set forth in the contract." Id. The economic loss rule bars recovery in tort where the act "complained of relates to the performance of the contract." Allen v. Stephan Co., 784 So. 2d 456, 457 (Fla. Dist. Ct. App. 2000). The Florida Supreme Court has held that the rule "has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996).

Recent Florida appellate decisions have stated that "[t]he test to determine if the economic loss rule applies is to ask if the fraud alleged is an act of performance or in a term of the bargain." D & M Jupiter, Inc. v. Friedopfer, 853 So. 2d 485, 487 (Fla. Dist. Ct. App. 2003); see also Bankers Mutual Capital Corp. v. United States Fidelity and Guaranty Co., 784 So. 2d 485, 488 (Fla. Dist. Ct. App. 2001); Allen, 784 So. 2d at 458. If the alleged fraud is an act of performance, it is barred by the economic loss rule whereas if the fraud is in a term of the bargain, it is not barred by the economic loss rule. See Allen, 784 So. 2d at 458. Thus, while the Florida Supreme Court has stated that a claim for negligent misrepresentation is the type of claim

that may not be barred by the economic loss rule, <u>Pk Ventures, Inc. v. Raymond James & Associates, Inc.</u>, 690 So. 2d 1296, 1297 (Fla. 1997) (per curiam),[3] "when the actions complained of relate directly to the subject matter of the parties' agreement, or are interwoven with the agreement, no independent tort exists and the economic loss rule applies." <u>Premix-Marblelite Mfg. Corp. v. SKW Chems., Inc.</u>, 145 F. Supp. 2d 1348, 1358 (S.D. Fla. 2001); <u>see</u> <u>also</u> <u>Hotels of Key Largo, Inc. v. RHI Hotels, Inc.</u>, 694 So. 2d 74, 77 (Fla. Dist. Ct. App. 1997) (when the misrepresentation is "inseparable from the essence of the parties' agreement, the economic loss rule applies").

    In this case, Plaintiff's allegations relate to Defendant's alleged failure to provide compliant resonators, which is the subject of the contractual breach alleged in count three.  A comparison of the allegations supporting the breach of contract ( <u>i.e.</u>, based on Plaintiff's request, Defendant provided non-compliant resonators that resulted in Plaintiff sustaining damages) show that they are materially similar to the allegations supporting the negligent misrepresentation claim. (<u>Compare</u> Compl.¶¶ 21-24, 27 <u>with</u> Compl.¶¶ 37, 39, 42-43.)  Thus, while count one is labeled "negligent misrepresentation," it fails to differ in any significant way from the claim for breach of contract.  As such, the Court must dismiss the claim.  Any other outcome would result in permitting a plaintiff to make an end run around the economic loss rule by simply labeling a claim "negligent misrepresentation."  <u>Premix</u>, 145 F. Supp. 2d at 1358 (courts must look beyond

---

    [3] This case answered in the affirmative the following certified question: "Is the buyer of commercial property [ ] prevented by the 'economic loss rule' from recovering damages for negligent misrepresentation against the seller's broker [ ]?" <u>PK Ventures</u>, 690 So. 2d at 1297. In so holding, the Florida Supreme Court relied upon <u>HTP, Ltd.</u>, noting that <u>HTP, Ltd.</u> held that fraud in the inducement was an independent tort. <u>Id.</u>   As discussed <u>infra</u>, in the instant case, there are no alleged acts that can be considered independent from acts that breached the contract. <u>See HTP, Ltd.</u>, 685 So. 2d at 1239.

the label placed on a claim to the substance of the claim); see Hotels of Key Largo, 694 So. 2d at 11 (applying a label to a cause of action will not "subvert the sound policy rationales underlying the economic loss doctrine").

For the foregoing reasons, Plaintiff's claim for negligent misrepresentation is dismissed.

B.  Products Liability

Defendant moves to dismiss Plaintiff's products liability claim under the economic loss rule.  In making this argument, Defendant points to Florida Power and Light Co. v. Westinghouse Electric Corp., 510 So. 2d 899 (Fla. 1987), a Florida Supreme Court case that addressed the economic loss rule in the context of products liability.

Florida Power concerned a claim for damages for steam generators that were defective, but caused no other physical damage to other property or equipment.  Id. at 900.  The Florida Supreme Court held that the economic loss rule barred a tort cause of action where a product was involved, when the product damaged only itself and the losses were purely economic.  Id. at 901-02.  In so holding, Florida Power left open an exception to the economic loss rule for a  products liability claim when the damages include damage to other property or personal injuries. Id. at 902.

The issue before the Court then is whether the damage to Plaintiff's smoke detectors from the resonators constitute "other property."  The Court finds that it does not.  In so holding, the Court looks to Florida cases that address damage to a product caused by a component part.  In Jarmco, Inc. v. Polygard, Inc., 668 So. 2d 300 (Fla. Dist. Ct. App. 1996), a boat builder sued a resin dealer for damages arising out of the use of defective resin.  The resin dealer then filed a third-party complaint against the distributor of the resin for fraud in the inducement, negligent

7

misrepresentation, negligence and violations of the Florida deceptive and unfair trade practices action.  The resin dealer argued that its non-fraud claims against the distributor were not barred by the economic loss rule under the "other property" exception. Id. at 302.  Rejecting this, the Jarmco court held that the economic loss rule bars suits against the seller of a defective product for economic damages and limited the "other property" exception to property unrelated and unconnected to the product sold.[4] Id. at 303.  The defective resin, which caused damage to boat, can easily be analogized to the defective resonator which allegedly caused damage to Plaintiff's smoke detectors.[5]  See also Premix, 145 F. Supp. 2d at 1359 citing Jarmco, 668 So. 2d at 303 (discoloring of pools finished with defective product is not damage to other property under the economic loss rule because the defective product was integrated into the property at issue).

Likewise, in American Universal Insurance Group v. General Motors Corp., 578 So. 2d 451 (Fla. Dist. Ct. App. 1991), the court invoked the economic loss rule when the damage was caused by a defective component part, purchased separately as a replacement part.  That case concerned a replacement oil pump that malfunctioned and damaged an engine. Id. at 451.  In ruling that damages under the tort theories of negligence and strict liability were barred by the economic loss rule, the Court held that the damage to the whole product caused by the component part was not damage to "other property" because the replacement part was an integral

---

[4] In so holding, the Jarmco court relied heavily on Casa Clara Condo. Assoc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244 (Fla. 1993) which barred a claim under the economic loss rule against a building's concrete provider when the only damage caused by the concrete was to the building itself.

[5] This Court also notes its agreement with the Jarmco court's sentiment that commercial parties are more than capable of protecting themselves against defective products by bargaining for such protection in their contracts.  Id. at 304.

component of the product.  Id. at 453.

Based on this clear precedent, the Court finds that Plaintiff's product liability claim is barred under the economic loss rule.[6]

C.  Breach of Contract

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of the contract and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006); A.R. Holland, Inc. v. Wendco Corp., 884 So. 2d 1006, 1008 (Fla. Dist. Ct. App. 2004).  Here, Plaintiff has alleged that it issued a purchase order for compliant resonators from Defendant (Compl. ¶¶ 10, 39), that Defendant provided Plaintiff with defective resonators (Compl. ¶ 40) and Plaintiff suffered damages (Compl. ¶ 43.)  These allegations sufficiently provide Defendant with fair notice of the claim and the grounds upon which it rests.  See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir. 2008) (a complaint must give notice of the claim and the grounds upon which it rests.)

Nonetheless, Defendant contends that the purchase order ought to have been attached to the Complaint and the Complaint should have alleged the terms and applicable specifications of the purchase order.  The Court disagrees.  Simply put, such detailed factual allegations are unnecessary.  Twombly, 127 S.Ct. at 1964-65 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").  Moreover, it is adequate for Plaintiff to

---

[6] The cases cited by Plaintiff actually support the position that damage by component parts to its attached product does not constitute damage to other property.  (Resp. at 7-8 citing Turbomeca S.A.. v. French Aircraft Agency, Inc., 913 So. 2d 714 (Fla. Dist. Ct. App. 2005) and Fishman v. Boldt, 666 So. 2d 273 (Fla. Dist. Ct. App. 1996)).

allege that a contract exists, without attaching the contract to the complaint. <u>Gulf Coast Produce,</u> <u>Inc. v. American Growers, Inc.</u>, No. 07-80633-Civ, 2008 WL 660100, at * 2 (S.D. Fla. Mar. 7, 2008) (unnecessary to attach contract to complaint to allege a claim for breach of contract)

The Court does, however, note that while the Complaint alleges that Plaintiff issued the purchase order for resonators from Defendant (Compl. ¶ 10), it also states that Plaintiff entered into the purchase order with Defendant and Abracon (Compl. ¶ 38).  While this inconsistency does not render the pleading of the breach of contract claim insufficient, Plaintiff is hereby directed to clarify whether the purchase order was entered into with Defendant or with Defendant and Abracon.

### D.  Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness

In moving for dismissal of Plaintiff's Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness, Defendant contends that implied warranties do not apply when a buyer gives detailed specifications to the seller about the goods it wants.  (Mot. at 8.) According to Defendant, by virtue of Plaintiff "furnishing the technical specifications of the resonators" (Mot. at 8), Plaintiff relied upon its own judgment and not Defendant's judgment. Defendant also states that nowhere in the Complaint does Plaintiff allege that it relied upon Defendant's skill or judgment. (Mot. at 8.)

The Court rejects these arguments.  To begin, in alleging the claim for implied warranty of fitness, Plaintiff pled that it relied upon Defendant's skill and judgment. (Compl. ¶ 69.) Although Plaintiff did not make this allegation with respect to its claim for implied warranty of merchantability, the Court will allow Plaintiff leave to amend this claim to incorporate that

allegation.  Therefore, dismissal on this basis is unwarranted.  Likewise, the Court does not accept Defendant's argument that the allegations of the Complaint demonstrate that Plaintiff relied upon its own judgment, and not Defendant's judgment.  Simply put, such a finding requires a factual determination that cannot be resolved at the pleading stage.[7]  Lastly, the Court finds that, with the exception noted supra, the Complaint has properly pled claims for Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness.  See Royal Typewriter Co. v. Xerographic Supplies Corp., 719 F.2d 1092, 1100 (11th Cir.1983) (discussing the requirements for breach of implied warranty of fitness); Amoroso v. Samuel Friedland Family Enterprises, 604 So. 2d 827, 833 (Fla. Dist. Ct. App. 1992) (setting forth the elements of the claim for breach of implied warranty of merchantability).

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint or, in the alternative, Motion for More Definite Statement (DE 4) is **GRANTED IN PART AND DENIED IN PART**.  Counts one and two are **DISMISSED**. Counts three, four and five may proceed.  Consistent with the directives set forth in this Order, Plaintiff is granted leave to amend counts three and four.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of October 2008.

_____

KENNETH A. MARRA
United States District Judge

---

[7] Significantly, the cases cited by Defendant involve findings rendered after trial.  (Mot. at 8 citing Crawford v. Gold Kist, Inc., 614 F. Supp. 682 (M.D. Fla. 1985) and R.A. Jones & Sons, Inc. v. Holman, 470 So. 2d 60 (Fla. Dist Ct. App. 1985)).